UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALLEN MAYS** | **CIVIL ACTION NO. 20-0337** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LEWIS JONES, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Allen Mays, a prisoner at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on approximately March 16, 2020, under 42 U.S.C. § 1983. He names the following defendants: Assistant District Attorney Lewis Jones, Attorney Lavalle Salomon, Deputy Penuell, District Attorney John F. K. Belton, Lincoln Parish Sheriff's Department,[1] and the Third Judicial District Court.[2] For reasons that follow, the Court should stay Plaintiff's claims against Deputy Penuell and dismiss Plaintiff's remaining claims.

## Background

Plaintiff claims that, on January 23 or 24, 2017, Deputy Penuell arrested him without probable cause and charged with home invasion and "attempted aggravated or first degree rape." [doc. # 1, p. 3].

Plaintiff claims that the Third Judicial District Court, Assistant District Attorney Lewis Jones, and District Attorney John F. K. Belton violated his right to a speedy trial. [doc. #s 1, p.

---

[1] Plaintiff appears to refer to the Lincoln Parish Sheriff's Department and the Ruston Police Department interchangeably. [See doc. # 5-1, p. 1].

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

4; 9, pp. 1-2]. He requested a speedy trial in June 2017, but he "did not have a hearing on the motion until May of 2018 . . . ." [doc. # 1, p. 4]. The trial court then "set a trial date in August of 2018[,]" but he has "yet to be taken to trial." *Id.*

Plaintiff claims that his attorney, Lavalle Salomon, violated his constitutional rights by requesting "a continuance on the speedy trial" without first informing him or requesting permission. *Id.* at 7.

Plaintiff claims that, under LA. CODE CIV. PROC. art. 561, the Third Judicial District Court and Assistant District Attorney Lewis Jones abandoned the prosecution. He has been incarcerated since January 24, 2017, and the State has allegedly failed to take any "step" in prosecuting him. *Id.* at. 5. He alleges that Jones continues to request "time to find the alleged victim . . . ." *Id.*

Plaintiff claims that Jones and the trial court are prosecuting him without probable cause. *Id.* at 6. He maintains that no individual found his fingerprints at the scene of the crime, and he was not "picked out of a line-up." *Id.* The trial court allegedly prejudiced his defense by conducting a "photo line-up in the process of obtaining" a warrant for his arrest. *Id.*

Plaintiff claims that, for several reasons, Deputy Penuell and the Lincoln Parish Sheriff's Department lacked probable cause to arrest him. *Id.* at 8. First, they conducted an unduly suggestive identification procedure: Penuell "showed a single photo of [Plaintiff] to the alleged victim." *Id.* at 8. Second, Penuell lacked probable cause to arrest him for home invasion because Penuell conceded, at a preliminary examination, that "that there was no forcible entry to [the] home." *Id.* Third, while Plaintiff's D.N.A. was allegedly "found on scene[,]" defendants lack evidence to prove "all the elements of [the] charges." *Id.* at 9.

2

Plaintiff seeks dismissal of all of his pending charges. [doc. #1, p. 9; 9, p. 2]. He also seeks: $150,000.00 from Lewis Jones for "false incarceration"; $200,000.00 from Deputy Penuell and the Lincoln Parish Sheriff's Department for false arrest and for failing to conduct a proper photographic lineup; and $150,000.00 from District Attorney John F.K. Belton for abandoning the prosecution. [doc. # 5-1. pp. 1-3].

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

4

F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey* and *Wallace v. Kato***

Plaintiff claims that Deputy Penuell arrested him without probable cause and charged with home invasion and "attempted aggravated or first degree rape." [doc. # 1, p. 3]. He claims that Deputy Penuell lacked probable cause for several reasons: (1) Penuell showed only "a single photo of [Plaintiff] to the alleged victim"; (2) Penuell conceded that, with respect to the home-invasion charge, "that there was no forcible entry to [the] home"; and (3) Penuell lacked sufficient evidence. *Id.* at 9. Plaintiff's charges are pending. [doc. # 9, p. 2].

If Plaintiff is convicted of his pending charges, he may not be entitled to seek relief for his false-arrest claim until the convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

5

While the rule in *Heck* does not extend to pending criminal matters, a successful false-arrest claim, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction.[4] See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the false-arrest claim (under any of Plaintiff's three theories)—and establishing that the officer lacked probable cause to charge Plaintiff—could necessarily imply the invalidity of a conviction because the claim is essentially a collateral attack on a criminal judgment's validity. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction].").[5]

To the extent Plaintiff claims that Penuell violated his right to due process under the Fourteenth Amendment by showing only one photograph to the alleged victim, the claim could also necessarily imply the invalidity of a conviction. See *Weeks v. Shipman*, 70 F.3d 1267 (5th

---

[4] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

[5] See also *Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false-arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

6

Cir. 1995) (finding, where the plaintiff "alleged the defendants conspired to falsely arrest and convict him for aggravated sexual assault and included allegations that he was arrested without probable cause and subjected to an impermissibly suggestive lineup," that *Heck v. Humphrey* barred the claims); *Cook v. Baum*, 41 F.3d 661 (5th Cir. 1994) (finding, where the plaintiff alleged that officers "subjected him to an impermissibly suggestive identification procedure," that the claim was barred by *Heck*); *Lawson v. Molder*, 62 F.3d 394 (5th Cir. 1995).

Federal courts may stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Kato*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied).

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charge. Accordingly, the Court should stay these claims pending the outcome of the ongoing criminal prosecution.

**3. Habeas Corpus Relief**

Plaintiff seeks dismissal of all of his pending charges, claiming that defendants violated his right to a speedy trial. [doc. #1, p. 9; 9, p. 1].

Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the fact and duration of his physical imprisonment.[6] Plaintiff should, *after he*

---

[6] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL

7

*exhausts his state court remedies*, pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Plaintiff's request.[7]

The undersigned again cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until

---

6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

[7] Plaintiff does not appear to seek monetary relief from any non-immune defendant for the alleged denial of a speedy trial. Even if he did, the undersigned would recommend dismissing the request because the dismissal of charges "is the only possible remedy" for this type of claim. See *Barker v. Wingo*, 407 U.S. 514, 522 (1972); *Quinn v. Roach*, 326 F. App'x 280, 290 (5th Cir. 2009) ("The only remedy for a violation of the Sixth Amendment right to a speedy trial is dismissal of any criminal charges."). Further, even if Plaintiff could obtain monetary relief, the undersigned would recommend dismissing or staying the claim under *Heck v. Humphrey* and *Wallace v. Kato*. See *Anderson v. Galveston County Dist. Clerk,* 91 Fed. Appx. 925, 926 (5th Cir. 2004) ("[Claimant] argues that the district court abused its discretion in dismissing the complaint as frivolous pursuant to *Heck v. Humphrey* . . . because his complaint challenged the length of his pre-trial detention and not his conviction . . . . [Claimant's] complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that [his] Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and [he] has not shown that his conviction has been overturned or otherwise declared invalid.") (unpublished); *Josey v. Tex. Dep't of Pub. Safety,* 101 Fed. Appx. 9, 10 (5th Cir. 2004) ("[B]y raising his speedy-trial argument, Josey is contesting his continued confinement.") (unpublished); *Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009).

he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[8] Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225, if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[9, 10] See *Gates v. Strain*, 885 F.3d 874, 882 (5th Cir. 2018) (declining, where the plaintiff argued that his prosecution would violate state and federal speedy-trial laws, to enjoin a state criminal proceeding, observing that "the alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding" absent other extraordinary circumstances or bad faith); *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at

---

[8] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[9] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted). Under *Dickerson*, "federal courts should abstain . . . if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

[10] There is "an important distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (internal quotation marks and quoted sources omitted); see *Dickerson*, 816 F.2d at 226 ("[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial.").

*1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

**4. Entities Unamenable to Suit**

Plaintiff seeks relief from the Third Judicial District Court and the Lincoln Parish Sheriff's Department. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Here, the Lincoln Parish Sheriff's Department[11] and the Third Judicial District Court[12] do not qualify as juridical persons. Accordingly, the Court should dismiss Plaintiff's claims against these entities.

**5. Attorney Lavalle Salomon**

Plaintiff claims that his attorney, Lavalle Salomon, violated his constitutional rights by requesting "a continuance on the speedy trial" without first informing him or requesting permission.

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012)

---

[11] See *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . .").

[12] See *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Swift v. Juvenile Court*, 2009-1182 (La. App. 3 Cir. 3/10/10), 2010 WL 786031 (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued."); *Durden v. Bryson*, 2017 WL 4855437, at *2 (W.D. La. Sept. 26, 2017), report and recommendation adopted, 2017 WL 4847783 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012).

(quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Fair attribution" means: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937.

Of import, a "lawyer who may be responsible for [] unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, n.6 (1983). "[A Section] 1983 action against retained counsel for acts or omissions in a criminal trial must fail for lack of state action." *U. S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (citing *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972)); see *Abeyta v. Correa*, 37 F.3d 629 (5th Cir. 1994) ("As Abeyta's retained counsel, Correa was not acting under color of state law and the complaint was properly dismissed as frivolous.").

Here, Defendant Salomon did not act under color of state law. Accordingly, the Court should dismiss this claim.

**6. Prosecutorial Immunity**

Plaintiff claims that Assistant District Attorney Lewis Jones and District Attorney John F. K. Belton violated his right to a speedy trial. Similarly, he claims that, under LA. CODE CIV. PROC. art. 561, Assistant District Attorney Lewis Jones abandoned the prosecution because Plaintiff has been incarcerated since January 24, 2017, and Jones has failed to take any "step" in prosecuting him.

Plaintiff also claims that Jones is prosecuting him without probable cause. He maintains that no individual found his fingerprints at the scene of the crime, and he was not "picked out of a line-up."

11

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[S]tate prosecutors are absolutely immune from § 1983 damages claims based on activities intimately associated with the judicial phase of the criminal process." *Singleton v. Cannizzaro*, 2020 WL 1922377, at *3 (5th Cir. Apr. 21, 2020).

The Court "distinguishes between (1) actions taken 'in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State,' and (2) 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "[C]onduct protected by absolute immunity is not limited only to the act of initiati[ng judicial proceedings] itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the course of [the prosecutor's] role as an advocate of the State." *Id.* (internal quotation marks and quoted sources omitted).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. See *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006).

Here, Jones and Belton are immune from Plaintiff's claim that they deprived him of a speedy trial. See *Hunter v. James*, 717 F. App'x 500, 501 (5th Cir. 2018) ("Watkins is absolutely immune from § 1983 immunity with respect to Hunter's speedy trial claim."); *Green v. New*

*Orleans Police Dep't*, 2013 WL 5739076, at *4 (E.D. La. Oct. 22, 2013) (finding, where the plaintiff alleged that a district attorney failed, under LA. CODE CRIM. PROC. ANN. art. 701, to prosecute him in a timely manner, that the district attorney was immune).

Plaintiff appears to utilize LA. CODE CIV. PROC. art. 561 to raise the same speedy-trial claim; the thrust of the claim, in other words, is that defendants delayed Plaintiff's trial. Jones and Belton are, however, immune from this claim for the same reasons they are immune from the speedy-trial claim. Even if they were not immune, Plaintiff's claim is frivolous because Article 561 does not apply to criminal proceedings. See *State v. Jones*, 940 So. 2d 61, 75 (La. Ct. App. 2006) ("[T]he right to a speedy trial in a criminal prosecution is a constitutionally protected right emanating from the Sixth Amendment, whereas La. C.C.P. art. 561 is designed to protect a claimant's right to obtain a remedy as well as a defendant's right to have a claim resolved within a reasonable time."); *Joseph v. Wasserman*, 194 So. 3d 720, 722–23 (La. Ct. App. 2016) ("The provisions of Article 561 A(1) only apply to civil actions which are pending trial.").

Jones, likewise, is immune from Plaintiff's malicious-prosecution claim. See *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) ("Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently."); *Esparza v. Munoz*, 3 F.3d 438 (5th Cir. 1993) (finding a prosecutor immune from a claim of prosecuting the plaintiff without sufficient evidence); *Nickerson v. Texas*, 209 F.3d 718 (5th Cir. 2000) (finding prosecutors immune from claims that they filed charges against the plaintiffs while possessing exculpatory evidence); *Green v. Texas Gov't*, 704 F. App'x 386 (5th Cir. 2017) (finding prosecutors immune from claims that they withheld exculpatory evidence and charged the plaintiff without probable cause).

Under Plaintiff's allegations, Jones and Belton acted only in the course of their roles as advocates for the State. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from defendants immune from such relief.[13]

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Allen Mays's claims against Deputy Penuell be **STAYED** under the following conditions:

a. If Plaintiff intends to proceed with his claims, he must, within thirty (30) days of the date the criminal proceedings against him have concluded, file a motion to lift the stay;

b. If the stay is lifted and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed, absent some other bar to suit;

c. In light of the stay, Plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings conclude; and

d. Defendant shall not be required to answer during the stay, and Plaintiff may not seek a default judgment or conduct any discovery.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against District Attorney John F. K. Belton and Assistant District Attorney Lewis Jones be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief from defendants immune from such relief.

---

[13] Plaintiff conclusorily alleges: "I believe that Deputy Penuell, Lewis Jones, and John F. K. Belton [have] all been working in collusion to obtain free money from the state." [doc. # 1, p. 9]. This conclusory conspiracy allegation does not pierce defendants' immunity. *Brown v. Dove*, 519 F. App'x 237, 237–38 (5th Cir. 2013) ("Brown's conclusory allegations of conspiracy and malicious prosecution do not pierce that immunity."); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.") (cited as support in *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for dismissal of his charges be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief after he exhausts all available state court remedies.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 6th day of May, 2020.

Karen L. Hayes
United States Magistrate Judge